UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| SHARONE F. GOODWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05-cv-01841-CLS-HGD |
| | ) |
| HEAD WARDEN RALPH HOOKS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Plaintiff, Sharone Fuquan Goodwin, an inmate in the Alabama penal system, filed this *pro se* action alleging that his constitutional rights were violated while he was incarcerated in the St. Clair Correctional Facility in Springville, Alabama.[1] He names as defendants Warden Ralph Hooks, Assistant Warden Archie L. Garrett, Captain Richard Carter, and Mail Clerk Boyd K. Derrick. He seeks compensatory and punitive damages.[2] In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to a magistrate judge for a preliminary review and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

On April 6, 2006, the magistrate judge entered an order for special report[3]

---

[1] *See* doc. no. 1 (plaintiff's complaint); doc. no. 29 (report and recommendation of magistrate judge).

[2] *See id.*

[3] *See* doc. no. 12.

directing that copies of the complaint in this action be forwarded to the named defendants, and requesting that they file a special report addressing the factual allegations in plaintiff's complaint. Defendants were advised that the special report could be submitted under oath or accompanied by affidavits and, if appropriate, would be considered as a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure.[4] On May 31, 2006, defendants filed a special report accompanied by affidavits and copies of prison records.[5] Also, defendants filed an amended special report on June 27, 2006;[6] and, in response to a court order, they submitted certain additional exhibits on August 10, 2006.[7] On February 26, 2007, the parties were advised that defendants' special report would be construed as a motion for summary judgment, and plaintiff was notified that he would have twenty days to respond to the motion by filing affidavits or other material if he chose.[8] Plaintiff was also advised of the consequences of any default or failure to comply with Fed. R. Civ. P. 56.[9] *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). Plaintiff failed to file a response to the defendants' special reports, collectively construed as a motion for summary judgment.

---

[4]*See id.*
[5]*See* doc. no. 18 (defendants' special report).
[6]*See* doc. no. 22 (defendants' amended special report).
[7]*See* doc. no. 26 (defendants' response to the court's order of July 31, 2006 (doc. no. 25)).
[8]*See* doc. no. 27 (court's order regarding summary judgment).
[9]*See id.*

The magistrate judge filed a report and recommendation on April 18, 2008, recommending that the converted motion for summary judgment be granted.[10] Plaintiff was ordered to submit any objections to the magistrate judge's report and recommendation by April 29, 2008. However, plaintiff did not file any objections.[11] After careful consideration of the record in this case and the magistrate judge's astute analysis of the material facts and legal issues, the court ADOPTS the findings of the magistrate judge, and ACCEPTS his recommendations. It is, therefore, ORDERED that defendants' converted motion for summary judgment is GRANTED. All claims against defendants are hereby DISMISSED with prejudice.

The clerk of court is directed to close this file.

DONE this 30th day of April, 2008.

_____
United States District Judge

---

[10]*See* doc. no. 29.
[11]*See id.*